| | |
|---|---|
| RANDALL HOUSEMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-01617-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 12, 16]<br><br>**FOURTEEN-DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Randall Houseman is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

**I.**

**PROCEDURAL HISTORY**

On October 3, 2018, the Court screened Plaintiff's first amended complaint and found that it stated a cognizable claim for deliberate indifference to safety in violation of the Eighth Amendment against Officers Hennesay and Odle, and for retaliation in violation of the First Amendment against Lieutenant Iverson. (ECF No. 15.) Plaintiff was ordered to either amend the

1

complaint to cure other identified deficiencies, or notify the Court of his intent to proceed on these cognizable claims, within thirty (30) days. (Id. at 7-8.)

On October 22, 2018, Plaintiff filed a notice of intent to proceed only on the cognizable claims identified by the Court, stating that he did not wish to file any second amended complaint. (ECF No. 16.) Accordingly, the Court now issues findings and recommendations recommending that the complaint proceed upon the claims identified above, and all other claims and defendants be dismissed for the failure to state a cognizable claim.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

## III.

## SUMMARY OF ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitations ("CDCR"), currently incarcerated at Mule Creek State Prison. The events at issue took place at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, at the Delta Facility Yard. Plaintiff names Correctional Officer J. Odle, Correctional Officer E. Hennesay, and Correctional Lieutenant A. Iversen as defendants.

Plaintiff asserts a claim for deliberate indifference against Defendants Hennesay and Odle. He alleges that they denied and delayed his access to medical care and interfered with his medical treatment, as documented in his medical records. Plaintiff asserts a claim of retaliation against Defendant Iversen.

///
///
///
///

**IV.**

**DISCUSSION**

**A.    Deliberate Indifference**

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Farmer, 511 U.S. at 834.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.

Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Regarding Officers Hennesay and Odle, Plaintiff has pleaded that he made them aware of a serious risk in putting him in an upper bunk, by informing them that he was ADA high risk medical and required a cane, walker, shoes and a brace leg. He further alleges that he informed the officers through his chronos, DPM cell door signs, program ID card, medical chronos, that he required a lower bunk, lower tier status. Nevertheless, on December 28, 2015, the officers moved him to an upper bunk in a different building under threats of discipline if he did not comply. Plaintiff fell and was severely injured as a result.

4

Liberally construed, Plaintiff has sufficiently pleaded a claim for deliberate indifference to a serious risk of safety against Officers Hennesay and Odle.

**B.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.

Plaintiff pleads that he filed a staff complaint regarding his cell move on January 24, 2016. He also pleads that the retaliation began when his personal property was seized on January 19, 2016. The Court cannot reasonably infer that the property seizure was retaliatory when it occurred before the protected conduct. In other words, officers cannot have retaliated against Plaintiff for filing a complaint by taking his property *before* the complaint was ever filed. Further, Plaintiff only asserts this First Amendment retaliation claim against Defendant Iverson, but does not connect Defendant Iverson to the property seizure. He only generally states that "the CDCR staff" took his property. To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Thus, Plaintiff has not stated a claim for retaliation in violation of the First Amendment for this property seizure.

5

Plaintiff also pleads that after he filed his January 24, 2016 grievance, Defendant Iverson investigated the staff complaint against his officers. Then, on June 6, 2016, Defendant Iverson authored a false 115 RVR report in retaliation for the complaint. The RVR was false and was based on fabricated evidence; specifically, a dirty U/A test. Liberally construed, this is sufficient to state a claim for retaliation against Lieutenant Iverson.

Plaintiff states other allegations of actions that he contends were done in retaliation, including repeated strip searches, officers having Plaintiff pack his whole cell for a move that was cancelled, and placing him in a cage and stripping him naked. Plaintiff has not stated sufficient facts from which the Court can infer that the conduct was retaliatory. His allegations are conclusory, and do not satisfy the standards explained above.

Plaintiff has generally stated that "the same officers who were involved with the staff complaint and false RVR report" are involved in the retaliation, but has not named the officers and described who did what, and the other facts of what occurred. Plaintiff has not stated facts that connect the officers to his protected conduct, nor has he alleged whether any of their conduct reasonably advanced a legitimate correctional goal. Therefore, the Court is unable to find any retaliation based on these assertions.

### C. Declaratory Judgment

In addition to damages, Plaintiff seeks declaratory relief that Defendants violated his rights. Because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n. 8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be dismissed.

### D. Injunctive Relief

Plaintiff seeks an injunction against Defendants to protect him from being free of retaliation. Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief because they would no longer benefit from having the injunction issued. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402–03, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975); Johnson v. Moore, 948 F.2d 517, 519

(9th Cir. 1991); and Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986)).

Here, Plaintiff is no longer housed at the institution where the alleged violations occurred. Therefore, he may not sue to enjoin those violations from recurring in the future. His claim for injunctive relief is moot, and should be dismissed.

## V.

## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable claim for deliberate indifference to safety in violation of the Eighth Amendment against Officers Hennesay and Odle, for moving him to an upper bunk on December 28, 2015. Further, Plaintiff has stated a cognizable claim against Lieutenant Iverson for authoring a false 115 RVR report in retaliation for filing a grievance, in violation of the First Amendment. All other claims and defendants should be dismissed for the failure to state a claim, as Plaintiff has declined to amend his allegations to cure the deficiencies in those claims. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed against Officers Hennesay and Odle for deliberate indifference in violation of the Eighth Amendment, and against Lieutenant Iverson for retaliation in violation of the First Amendment, as described above;

2. Plaintiff's claims for declaratory and injunctive relief be dismissed; and

3. All other claims and defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 25, 2018**                                                                                  
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE