# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HOUSEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. ODLE, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01617-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR AN ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(ECF No. 23) |

Plaintiff Randall Houseman is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## INTRODUCTION

Plaintiff initiated this action on December 5, 2017. (ECF No. 1.) On December 7, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5.) This action proceeds on Plaintiff's first amended complaint against Defendants E. Hennesay and J. Odle for deliberate indifference to safety for moving Plaintiff to an upper bunk on December 28, 2015 in violation of the Eighth Amendment, and against Defendant A. Iverson for authoring a false 115 rules violation report in retaliation for filing a grievance in violation of the First Amendment. (ECF No. 18.)

On February 15, 2019, Defendants Hennesay, Iverson, and Odle filed a motion for an order

revoking Plaintiff's *in forma pauperis* status. (ECF No. 23.) Defendants request that the Court revoke Plaintiff's *in forma pauperis* status and order Plaintiff to pay the $400.00 filing fee because Plaintiff previously filed three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted and Plaintiff was not in imminent danger of serious physical injury when he filed suit.

Plaintiff has not filed an opposition to Defendants' motion and the deadline to file a timely opposition has passed. Accordingly, pursuant to Local Rule 230(l), Defendants' motion is deemed submitted for review without oral argument.

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.' We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the Andrews court stated that, "we look to their 'ordinary, contemporary, common meaning.' Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law

or fact.' A case is malicious if it was filed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's *in forma pauperis* status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id. "In sum, once a prisoner has been placed on notice of the potential disqualification under 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." Id.

### III.

### DISCUSSION

Plaintiff initiated this action on December 5, 2017. Prior to that date, the following cases filed by Plaintiff were dismissed for the reasons set forth here:[1]

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

3

1. <u>Manning, et al. v. De Vastey, et al.</u>, Case No. 2:91-cv-01553-EJG-PAN (E.D. Cal. May 22, 1992) (dismissed action after Report and Recommendation recommending that the action be dismissed was adopted in full);

2. <u>Houseman v. Captain Padilla, et al.</u>, Case No. 3:01-cv-02649-VRW (N.D. Cal. Jul. 20, 2001) (dismissed action without prejudice after finding that Plaintiff's failure to exhaust his available administrative remedies was clear from the face of Plaintiff's complaint); and

3. <u>Houseman v. Cates, et al.</u>, Case No. 2:13-cv-00887-CKD (E.D. Cal. Aug. 9, 2013) (dismissed action without prejudice after the Court dismissed Plaintiff's complaint for failure to allege any cognizable claim for relief and Plaintiff failed to file an amended complaint).

Of these three cases, two of them – <u>Houseman v. Captain Padilla, et al.</u> and <u>Houseman v. Cates, et al.</u> – clearly count as strikes against Plaintiff pursuant to 28 U.S.C. § 1915(g). <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that, when a complaint is dismissed with leave to amend on the ground that it fails to state a claim, but the plaintiff fails to file an amended complaint, "the dismissal counts as a strike under § 1915(g)[]"); <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1044 (9th Cir. 2016) (a dismissal for failure to exhaust administrative remedies counts as a strike under the PLRA if the failure to exhaust is apparent from the face of the complaint).

With regards to <u>Manning, et al. v. De Vastey, et al.</u>, on November 13, 1991, Plaintiff and another inmate, Martin Manning, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 23-2, Exhibit A-1.) On November 19, 1991, the plaintiffs filed a motion to amend their complaint. (<u>Id</u>.) On February 19, 1992, the assigned Magistrate Judge issued an order requiring that, within 20 days, the plaintiffs either amend their complaint or show cause in writing why the complaint should not be dismissed for a meritless legal claim. (<u>Id</u>.) The plaintiffs did not file either an amended complaint or a written document showing cause why the complaint should not be dismissed. On April 9, 1992, the assigned Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed. <u>Id.</u> On May 22, 1992, the District Judge adopted the Report and Recommendation in full and dismissed the action. <u>Id.</u> Here, since the Magistrate Judge ordered

4

the plaintiffs to either amend their complaint or show cause why the complaint should not be dismissed for a meritless legal claim, the plaintiffs failed to amend their complaint or show cause why their complaint should not be dismissed, and the case was dismised, the Court finds that Manning, et al. v. De Vastey, et al. counts as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g). Harris, 863 F.3d at 1142-43; Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (stating that "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date[]" of April 26, 1996).

Therefore, the Court finds that Plaintiff has incurred three strikes under § 1915(g) prior to filing the instant action. Consequently, Plaintiff's *in forma pauperis* status must be revoked unless Plaintiff was in "imminent danger of serious physical injury[.]" 28 U.S.C. § 1915(g).

The imminent danger exception to the three-strikes rule of § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The Court has reviewed the allegations made in Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. In his complaint, while Plaintiff alleged that, after being improperly moved to an upper bunk in December 2015, he fell from the upper bunk and broke his neck, these allegations are insufficient to establish "imminent danger of serious physical injury" because Plaintiff alleges that he received treatment for his neck injury and there are no allegations that he was currently being forced to sleep in an upper bunk. Further, while Plaintiff alleges in his complaint that, after filing a staff complaint regarding the officers who were responsible for moving Plaintiff to an upper bunk in January 2016, he was harassed from January 2016 through October 2017 through seizures of personal property, strip searches, and a false rules violation report, these allegations do not support an inference that there was an ongoing danger that Plaintiff might suffer serious physical injury at the time the instant action was filed.

Therefore, Plaintiff's *in forma pauperis* status must be revoked and Plaintiff should be required to pre-pay the $400.00 filing fee in order to proceed with the instant action.

///

///

## IV.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status, (ECF No. 23), be GRANTED; and

2. Plaintiff be required to pay the $400.00 filing fee in full for this action, within **thirty (30) days** from the service of the District Judge's order adopting these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 2, 2019**__

UNITED STATES MAGISTRATE JUDGE